IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LAYLA MCGRADY,**

    **Plaintiff,**

**v.**                           **CIVIL ACTION NO. 1:11CV10**
                                         **(Judge Keeley)**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Fed. R. Civ. P.4.01(d), on February 2, 2011, the Court referred this Social Security action to United States Magistrate Judge John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition.

On September 16, 2011, Magistrate Judge Kaull filed his Report and Recommendation ("R&R"), and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. Rule 6(e), to file any written objections with the Clerk of Court within fourteen (14) days following service of a copy of the R&R. He further directed the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this Court. The parties did not file any objections.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Upon consideration of Magistrate Judge Kaull's recommendation and having received no written objections,[1] the Court

**ORDERS** Magistrate Judge Kaull's R&R accepted in whole and directs that this civil action be disposed of in accordance with the recommendation of the magistrate judge. Accordingly,

1. the Commissioner's motion for Summary Judgment (dkt. no. 9) is **GRANTED**;

2. the plaintiff's motion for Summary Judgment (dkt. no. 7) is **DENIED**; and

3. this civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

DATED: October 11, 2011.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] McGrady's failure to object to the Report and Recommendation not only waives her appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).